**George Anthony CORRALES,
Petitioner—Appellant,**

v.

**Dwight W. NEVEN, Respondent—
Appellee.**

No. 07–55913.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 13, 2009.

nesses, that she improperly interpreted the government's burden of proof, and that she wanted to be removed from the jury because she no longer wished to explain her views to the other jurors.

George Anthony Corrales, Susanville, CA, pro se.

Mary E. Sanchez, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Appeal from the United States District Court for the Central District of California, Otis D. Wright II, District Judge, Presiding. D.C. No. CV–03–06309–ODW.

Before: GOODWIN, O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner George Anthony Corrales appeals the district court's dismissal of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. We affirm.

We review de novo the district court's decision to deny a petition for habeas corpus. *Perez v. Marshall,* 119 F.3d 1422, 1425–26 (9th Cir.1997). Because the petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), its standards control.

The state court's adjudication resulted in neither an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d). The Supreme Court has never held that dismissal of a lone holdout juror violates a defendant's constitutional rights. We are not convinced that the trial court's actions here coerced the jury to return a guilty verdict, *Lowenfield v. Phelps,* 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988), or deprived Petitioner of his right to have his trial completed by a particular tribunal, *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

Finally, the trial court did not make an unreasonable determination of the facts. The trial judge carefully questioned each of the jurors and concluded that Juror # 9 improperly had relied on her own experience as an emergency room nurse during deliberations, that she improperly speculated about uncalled defense witnesses, that she improperly interpreted the government's burden of proof, and that she wanted to be removed from the jury because she no longer wished to explain her views to the other jurors. Those findings

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

were not unreasonable, in light of the evidence.

AFFIRMED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided